**Huiayu CHEN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 12–72772.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 15, 2013.*

Filed Oct. 23, 2013.

Cora J. Chang, Esquire, Law Office of Cora J. Chang, New York, NY, for Petitioner.

Tracie Nicole Jones, Trial, Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FISHER, GOULD, and BYBEE, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is

MEMORANDUM **

Huiayu Chen, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen. *He v. Gonzales,* 501 F.3d 1128, 1130–31 (9th Cir. 2007). We deny the petition for review.

The BIA did not abuse its discretion by denying Chen's motion to reopen on the grounds that it was number barred, *see* 8 C.F.R. § 1003.2(c)(2) (generally, "a party may file only one motion to reopen removal proceedings"), and that she had failed to demonstrate a material change in circumstances in China to qualify for the regulatory exception to the numerical bar, *see He,* 501 F.3d at 1132 (a change in personal circumstances does not establish changed country conditions).

Finally, because our determination regarding the number bar is dispositive, we decline to consider Chen's allegation of lack of notice. *See Mendez–Alcaraz v. Gonzales,* 464 F.3d 842, 844 (9th Cir.2006) (declining to reach nondispositive challenges to a BIA order).

**PETITION FOR REVIEW DENIED.**

suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.